[Cite as *State ex rel. Lucas v. Spatney*, 2026-Ohio-2979.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

STATE OF OHIO EX REL. CHARLES LUCAS

    Relator

    v.

JERRY SPATNEY, WARDEN

    Respondent

C.A. No. 26CA000147

ORIGINAL ACTION IN HABEAS CORPUS

Dated: August 3, 2026

PER CURIAM.

{¶1} Relator, Charles Lucas, has petitioned this Court for a writ of habeas corpus. Because Mr. Lucas did not comply with the mandatory requirements of R.C. 2969.25 and R.C. 2725.04(D), this Court must dismiss this action.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. Jerry Spatney, the warden of Grafton Correctional Institution, is a government employee, and Mr. Lucas, incarcerated in the Grafton Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3} R.C. 2969.25(A) requires an inmate, at the time the inmate commences a civil action against a government entity or employee, to file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. For each action or appeal, the affidavit must contain specific information that includes "[a] brief description of the nature of the civil action or appeal. . . ." R.C. 2969.25(A)(1). In addition, the affidavit must include:

> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A)(2) through (4).

{¶4} Mr. Lucas filed an affidavit of prior civil actions with his complaint. In his affidavit, he identified eleven prior civil actions, including six from the last five years. Mr. Lucas listed the case number and the court in which the action was brought for each case, but he did not provide the case names, the names of each party, the outcome, or a brief description of the nature of the actions. Mr. Lucas's affidavit was therefore deficient. "Compliance with R.C. 2969.25(A) is mandatory, and a failure to comply warrants dismissal of the action." *State ex rel. Woods v. Jenkins*, 2023-Ohio-2333, ¶ 4, quoting *State v. Henton*, 2016-Ohio-1518, ¶ 3. In other words, strict compliance with the statute is required by the Supreme Court's decisions, and noncompliance with the statutory requirements is fatal. *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2023-Ohio-4107, ¶ 6 (9th Dist.).

{¶5} Mr. Lucas was also required to pay the cost deposit, as required by this Court's Local Rules, or comply with R.C. 2969.25(C). Mr. Lucas did not pay the cost deposit when he filed the petition. He did move to waive prepayment of the cost deposit. That motion, however, failed to comply with the requirement that Mr. Lucas file a statement of his inmate trust account showing the balance for each of the six months preceding the filing of his action, as certified by the institutional cashier. R.C. 2969.25(C).

{¶6} Finally, Mr. Lucas's petition failed to comply with the requirements of R.C. 2725.04. R.C. 2725.04(D) requires a copy of the commitment papers to be filed with a petition for habeas corpus. The Ohio Supreme Court has held that because "'commitment papers are necessary for a complete understanding of the petition,'" the omission of commitment papers is a fatal defect. *Brown v. Rogers*, 72 Ohio St.3d 339, 341 (1995), quoting *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992). "When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Brown* at 341, quoting *Bloss* at 146.

{¶7} A petition seeking a writ of habeas corpus must also be "by petition, signed and verified either by the party for whose relief it is intended, or by some person for him. . . ." R.C. 2725.04. "Verification" means a "formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001). To meet the verification requirement, Mr. Lucas must have expressly sworn to the truth of the facts contained in the petition. *Id*. at 328. Although Mr. Lucas signed the petition, he did not swear to the truth of the facts in the complaint, so the petition was not verified. *See, e.g.*, *State ex rel. Foster v. Foley*, 2022-Ohio-3168, ¶ 12.

{¶8} Because Mr. Lucas failed to comply with the mandatory requirements of R.C. 2969.25 and R.C. 2725.04, this case is dismissed.

{¶9} Costs taxed to Mr. Lucas. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

CHARLES LUCAS, Pro Se, Relator.

D. ANDREW WILSON, Attorney General